# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **KELLY BUTLER,** | CASE NO. 3:20 CV 2365 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ADIENT US LLC,** | |
| | **MEMORANDUM OPINION AND** |
| Defendant. | **ORDER** |

### INTRODUCTION

On October 16, 2020, Plaintiff Kelly Butler ("Plaintiff"), on behalf of herself and all others similarly situated, brought this action against Adient US LLC ("Defendant"), alleging Defendant failed to comply with its statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03. (Doc. 1, at ¶1). Pending before the Court is Defendant's Motion to Dismiss (Doc. 8), which Plaintiff opposed (Doc. 9), and to which Defendant filed a reply (Doc. 12). Within her opposition, Plaintiff also moves the Court for leave to file an amended complaint, instanter. *See* Doc. 9-1 (proposed amended complaint). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

For the reasons discussed herein, Defendant's Motion to Dismiss (Doc. 8), is GRANTED in part and DENIED in part. Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9), is GRANTED.

**BACKGROUND**

Viewing the facts in the Complaint (Doc. 1) in the light most favorable to Plaintiff, the non-moving party, the background of this case is as follows:

Defendant – a manufacturer of automotive seats – employed Plaintiff as a manufacturing employee in its Northwood, Ohio facility from March to September of 2019. (Doc. 1, at ¶¶13-14). It employed other similarly situated manufacturing employees at this facility and others throughout the United States. *Id*. at ¶16. Plaintiff and other employees frequently worked over 40 hours per week without additional compensation. *Id*. at ¶¶19-20. Specifically, each were paid only for work performed between their scheduled start and stop times and not paid for the following events performed before or after such times: (1) changing into and out of personal protective equipment ("PPE"); (2) gathering the tools and equipment necessary to perform their jobs; (3) walking to and from assigned work areas on the manufacturing floor; or (4) performing manufacturing work. *Id*. at ¶21. Plaintiff and other employees spent approximately 15 to 30 minutes per day on these necessary tasks. *Id*. at ¶25.

Defendant's Northwood, Ohio facility and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America ("UAW") Local 12 had a collective bargaining agreement ("CBA") in place from October 7, 2016 through October 9, 2020. (Doc. 8-4, at 5-50).

**STANDARD OF REVIEW**

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Rule permits dismissal of a complaint where it fails to state a plausible claim upon which relief could be granted. *Id*. In so construing, the court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most

favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). Another exception arises "where the plaintiff 'fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.'" *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Prac. & Proc. § 1327 (2d ed. 1990)). As the Sixth Circuit explained, "[o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

## DISCUSSION

Defendant moves to dismiss the Complaint (Doc. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8-1). Specifically, Defendant argues the pre- and post-shift activities of donning and doffing PPE and walking to and from an assigned workstation are excluded from compensation by the FLSA and the CBA. *Id*. at 6-14. Plaintiff responds that the *entire* Complaint should not be dismissed because Defendant only raises arguments concerning two of the four alleged FLSA violations; Defendant does not address uncompensated time related to gathering tools and equipment or actually performing manufacturing work. (Doc. 9, at 3-12).

Defendant's Motion to Dismiss

*Donning and Doffing*

The Court agrees with Plaintiff's assessment that Defendant only raises arguments concerning two of Plaintiff's four claims of uncompensated time; Defendant attacks those related to donning and doffing and walking to and from a workstation. To donning and doffing activities, Defendant asserts any time related to such is excluded under the FLSA. In support, it points to the following provision of the FLSA:

> Hours Worked – In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bone fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. § 203(o). Defendant contends Plaintiff's donning and doffing claim fails because Plaintiff pleaded Defendant had a "practice and policy" of excluding donning and doffing from her hours worked. (Doc. 8-1, at 7-8). Defendant relies on the Sixth Circuit's logic in *Franklin v. Kellogg Company*, 619 F.3d 604, 617 (6th Cir. 2010), where it examined this statutory language. The *Franklin* court concluded donning and doffing time was excluded where there existed a "custom or practice" of non-compensation at the time the parties entered into their CBA. Under the facts in *Franklin*, the court found "the evidence demonstrate[d] that there was a custom or practice of nonpayment for time spent changing clothes under a bona fide CBA" as required by the statute. *Id*. Here, as Plaintiff pleaded in her Complaint, Defendant had a long-standing "practice and policy" of non-compensation for the donning and doffing of PPE. (Doc. 1, at ¶¶ 21, 41-43, 45-47). And, as Defendant demonstrated, a CBA was in place at the time. (Doc 8-4). Moreover, Plaintiff did not respond to Defendant's argument regarding 29 U.S.C. § 203(o) in her opposition. *See* Doc. 9. Thus, consistent with Sixth Circuit precedent and the language of 29 U.S.C. § 203(o),

4

the Court finds Plaintiff's donning and doffing claim, as pleaded, fails to state a claim upon which relief could be granted. This claim is therefore dismissed.

*Walking to and from Workspaces*

Defendant also argued Plaintiff's claim of non-compensation for walking to and from her assigned workstation also failed as pleaded. (Doc. 8-1, at 10-11, 13). It asserts the act of walking to and from an assigned workstation is not compensable under the FLSA, and further asserts Plaintiff failed to plead facts sufficient to show the act *is* compensable. *Id*. Plaintiff responds her walking time is compensable under "the continuous workday rule" which provides that a workday begins at the commencement of an employee's "principal activities". (Doc. 9, at 7-10) (citing cases). She further asks the Court for leave to file an amended complaint (Doc. 9-1), to clarify certain facts relevant to her "principal activities" of walking to and from her workspace, donning and doffing PPE, and obtaining tools and equipment (Doc. 9, at 11-12).

In its Reply, Defendant acknowledges the facts related to walking and gathering tools and equipment, as elaborated in Plaintiff's proposed amended complaint (Doc. 9-1), cure any perceived pleading defect related to these claims "given the liberal pleading standards and related legal principles governing motions to dismiss" (Doc. 12, at 2). The Court agrees. In her proposed amended complaint, Plaintiff clarifies the types of equipment and tools required for her shift as part of her "principal activities" and the time spent walking to and gathering such. (Doc. 9-1, at ¶¶21, 23-26). Thus, the Court finds Plaintiff has pleaded sufficient facts, within her amended complaint (as addressed below), to show a plausible claim for relief as to the non-compensation for time spent walking to and from her assigned workstation, and denies Defendant's motion to dismiss this claim.

*Minimum Wage Claim*

Finally, Defendant loosely argues Plaintiff failed to state a claim alleging a "plausible minimum wage violation under federal or state law because she does not plead that she was paid less than the applicable minimum wage." (Doc. 8-1, at 14). Defendant contends the FLSA "provides no cause of action for the recovery of straight time in excess of the minimum wage." *Id.* at 15 (citing *Murphy v. First Student Mgmt. LLC*, 2017 WL 346977 (N.D. Ohio), for the proposition that the FLSA only provides for the recovery of minimum wage and overtime pay, not straight pay).

Defendant's cited case is unpersuasive primarily because it only addresses the FLSA's coverage of straight pay for "gap time". *See Murphy*, 2017 WL 346977, at *4. Plaintiff does not allege she was denied straight pay for gap time. The FLSA provides an employee shall be paid overtime at a rate of one and one-half times their regular hourly pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. Here, in both Counts One and Two, Plaintiff pleads, with sufficient specificity, that Defendant failed to pay her, and others similarly situated, "for all time worked and *overtime compensation* at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek" in violation of both the FLSA and the OMFWSA. (Doc. 1, at ¶¶41, 45) (emphasis added).

For these reasons, Defendant's argument is without merit and the Court finds Plaintiff has pleaded facts sufficient to show that relief could be granted on each of her minimum wage claims. Defendant's motion to dismiss these claims is denied.

<u>Plaintiff's Motion for Leave to File Amended Complaint</u>

As noted above, in her opposition brief, Plaintiff requests leave to amend her complaint "to include further specificity relating to the personal protective equipment Plaintiff and similarly-

situated employees were required to don and doff and the tools and equipment they were required to obtain prior to their scheduled shift start time." (Doc. 9, at 11-12). Plaintiff attached a proposed amended complaint which clarifies the equipment and tools required for her shift as part of her "principal activities" and the time spent walking to and gathering such. (Doc. 9-1, at ¶¶21, 23-26).

Federal Rule of Civil Procedure 15(a) allows for a pleading amendment as a matter of course if it is done within 21 days of its initial service, within 21 days after service of a responsive pleading, or within 21 days after service of a motion under Rule 12(b), (e), or (f). In all other circumstances, a party may only amend with the consent of the opposing party, or with leave of court. *Id*. Because Plaintiff seeks to amend after each of these triggering events has passed, leave of court is required. Leave to amend should be liberally granted absent a showing of undue prejudice to the opposing party, bad faith, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant has not alleged Plaintiff's motion is made in bad faith, nor asserted any prejudice would result from Plaintiff amending her complaint as to clarification of her "principal activities" including the gathering of equipment and tools, or walking. *See generally* Doc. 12. For these reasons, the Court grants Plaintiff's motion to amend her claims related to the types of equipment and tools required for her shift as part of her "principal activities" and the time spent walking to and gathering such. To the extent Plaintiff's amendment attempts to cure a pleading defect related to her claim of uncompensated time for donning and doffing PPE, as the Court as already determined, such a claim fails as a matter of law and any such amendment would be futile.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss (Doc. 8) be, and the same hereby is, GRANTED in part and DENIED in part; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 9) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE