# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **KELLY BUTLER,** | CASE NO. 3:20 CV 2365 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **ADIENT US, LLC,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

## INTRODUCTION

On October 16, 2020, Plaintiff Kelly Butler ("Plaintiff"), on behalf of herself and all others similarly situated, brought this action against Adient US, LLC ("Defendant"), alleging Defendant failed to comply with its statutory obligations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code § 4111.03. (Doc. 1)[1]. Pending before the Court is Plaintiff's Motion for Conditional Certification, Expedited Opt-in Discovery, and Court-supervised Notice to Potential Opt-in Plaintiffs (Doc. 20), which Defendant opposed (Doc. 25), and to which Plaintiff filed a reply (Doc. 26). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

For the reasons discussed herein, Plaintiff's Motion for Conditional Certification (Doc. 20), is GRANTED, in part.

---

1. Plaintiff subsequently filed an Amended Complaint on March 4, 2021. *See* Doc. 14.

## Background

Defendant – a manufacturer of automotive seats – employed Plaintiff as a "manufacturing employee" in its Northwood, Ohio facility from March to September of 2019. (Doc. 14, at ¶¶13-14). Defendant operates this facility and others throughout the United States. *Id*. at ¶¶15-16.

In her Amended Complaint, Plaintiff alleges she and other employees frequently worked over 40 hours per week without additional compensation. *Id*. at ¶¶19-20. Specifically, she alleges each were paid only for work performed between their scheduled start and stop times and not paid for the following events performed before or after such times: (1) changing into and out of personal protective equipment ("PPE"); (2) gathering the tools and equipment necessary to perform their jobs; (3) walking to and from assigned work areas on the manufacturing floor; or (4) performing manufacturing work. *Id*. at ¶21. While the act of donning and doffing itself is not compensable under the FLSA, Plaintiff alleges such activity constitutes a "principal activity" which started the continuous workday for Plaintiff and others similarly situated. *Id*. at ¶25; *see also* Doc. 13 (February 2021 Memorandum Opinion and Order dismissing Plaintiff's donning and doffing claim). In her Motion (Doc. 20), Plaintiff seeks to join other similarly situated manufacturing employees, defined as: "[a]ll former and current manufacturing employees of [Defendant] between October 16, 2017 and the present". (Doc. 20, at 10); (Doc. 14, at ¶30).

## Discussion

<u>Jurisdiction</u>

Preliminarily, in opposing conditional certification, Defendant argues the Court lacks jurisdiction over any claims brought by nonresidents. (Doc. 25, at 25-31). Plaintiff does not address this argument in reply. *See generally* Doc. 26. Indeed, jurisdiction is a threshold matter here.

2

Before the Court delves into the scope of a purported class under Section 216(b), the issue of personal jurisdiction over Defendant by any potential plaintiff must be evaluated.

A plaintiff bears the burden of establishing the existence of personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The Supreme Court recognizes two types of personal jurisdiction: "'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). The Supreme Court held a court has general jurisdiction over a corporation when the corporation is incorporated in the forum state or has its principal place of business there. *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 923-24. In *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014), the Supreme Court followed suit from *Goodyear* and looked to place of incorporation and principal place of business to determine whether or not a court had general jurisdiction over both a corporation and a limited liability company.[2] "Citing *Daimler*, other district courts have determined that LLCs may be considered 'at home' for purposes of general jurisdiction in the states where they were organized and where they have their principal place of business." *Talbot's Pharms. Fam. Prod. L.L.C. v. Skanda Grp. Indus. LLC*, 2021 WL 1940203, at *3 (W.D. La.) (collecting cases), *report and recommendation adopted*, 2021 WL 1929354; *see also Trs. of Bricklayers & Masons Loc. No. 22 Pension Plan v. 5 Star Masonry LLC*, 2021 WL 215649, at *2 (S.D. Ohio) (finding the same).

---

2. In *Daimler*, although the Supreme Court discussed where *corporations* could be deemed "at home" for purposes of general jurisdiction, one of the entities at issue in that case was a *limited liability company* ("LLC") – Mercedes-Benz USA, LLC ("MBUSA"). 571 U.S. at 121. Nevertheless, the Supreme Court did not distinguish between these different types of entities. In fact, the Court ultimately concluded that it could not exercise general jurisdiction over Daimler because "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there." *Id.* at 139.

Here, Defendant is a limited liability company and, as Plaintiff alleged and Defendant admitted, Defendant is organized in Michigan, *see* Doc. 14, at ¶7; Doc. 15 at ¶7, and has its principal place of business outside of Ohio[3], Doc. 25, at 25. Because Defendant is at home in Michigan (and not in Ohio), the Court therefore concludes it does not hold general jurisdiction over it in this matter. *See Daimler AG*, 571 U.S. at 137 ("the place of incorporation and principal place of business . . . have the virtue of being unique – that is, each ordinarily indicates one place – as well as easily ascertainable."). !

Alternatively, for a Court to exercise specific jurisdiction, the case must "aris[e] out of or relat[e] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984). In *Bristol-Myers Squibb*, the Supreme Court examined specific jurisdiction as to nonresident plaintiffs in a mass tort action. The Court explained "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780 (quoting *Goodyear*, 564 U.S. at 919). Prior to the *Bristol-Myers Squibb* decision, the Sixth Circuit "promulgated a three-prong test that not only gives the determination of whether specific jurisdiction exists, but also protects the due process rights of a defendant [:]"

> First, the defendant must purposefully avail himself to the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

---

3. In Opposition, Defendant asserts its principal place of business and place of incorporation are outside of Ohio. (Doc. 25, at 25). Plaintiff does not contest this in her Reply. *See generally* Doc. 26.

*Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "[F]ailure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989). Though it predates the Court's holding in *Bristol-Myers Squibb*, the Sixth Circuit's three-pronged approach in *Intera Corp.*, remains in line with the Court's holding in *Bristol-Myers Squibb* – for a court to exercise specific jurisdiction over a defendant, the cause of action must arise from, or directly relate to, a defendant's activity there.

Notably, *Bristol-Myers Squibb* and *Intera Corp.*, did not involve FLSA actions which are unique in that an FLSA action covers the *work* performed by a purported plaintiff which, in theory, could be in a different state than that where the plaintiff legally resides. *Bristol-Myers Squibb* also specifically leaves open the question of whether its holding applies to the exercise of personal jurisdiction by a federal court. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1783-84 ("In addition, since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."). The Sixth Circuit has yet to rule on the issue. However, other courts in this district, and circuit-wide, have analyzed *Bristol-Myers Squibb* as it relates to FLSA actions, and overwhelmingly agreed that a district court lacks personal jurisdiction over a defendant in claims brought by plaintiffs whose claims had no connection to the forum state, specifically for work performed *outside* of the forum state. *See, e.g.*, *Hutt v. Greenix Pest Control, LLC*, 2020 WL 6892013, at *5 (N.D. Ohio) (holding the court could not exercise specific jurisdiction over a defendant for putative class members' claims arising from conduct occurring outside of Ohio); *Rafferty v. Denny's, Inc.*, 2019 WL 2924998, at *7 (N.D. Ohio) (same); *Maclin v. Reliable Reps. of Texas, Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018) (finding personal

jurisdiction existed over fourteen of the defendant's employees who lived and worked in Ohio, not the 424 who lived and worked outside Ohio "and their claims ha[d] no connection whatsoever to this State."); *Wiggins v. Jedson Eng'g, Inc.*, 2020 WL 6993858, at *5 (E.D. Tenn.) ("The Court's exercise of specific jurisdiction over Defendant requires that each opt-in plaintiff's claim arise from or sufficiently relate to the Defendant's conduct within the state."); *Canaday v. Anthem Cos., Inc.*, 439 F. Supp. 3d 1042, 1049 (W.D. Tenn. 2020) ("[T]he exercise of personal jurisdiction in this case requires each opt-in plaintiff to demonstrate that her claim arose from or is sufficiently related to Defendant's conducting/activity within Tennessee."); *Turner v. Utiliquest, LLC*, 2019 WL 7461197, at *2 (M.D. Tenn.) (holding personal jurisdiction applied only to claims brought by Tennessee-based potential opt-in plaintiffs). Moreover, as another judge of this Court held in *Rafferty*, putative class members here (working in both Ohio and out-of-state) are not prevented from filing a nationwide collective action; however, they must do so in the state which has general jurisdiction over Defendant – Michigan. 2019 WL 2924998, at *7. For these reasons, this Court will join these courts by holding that it lacks personal jurisdiction over a defendant in a collective action, under the FLSA, brought by a plaintiff for work performed outside of Ohio.

Here, Plaintiff attached a number of declarations from purported opt-in Plaintiffs. *See* Doc. 20-3 (declarations). Only three of the eleven declarations are from employees who work in Defendant's Northwood facility. *See id*. at 2, 5, 8. The rest are from employees who work in other states and who declare Defendant violated the FLSA in the out-of-state facilities where each worked. Further, in her Amended Complaint (Doc. 14), Plaintiff broadly defines her purported class as "[a]ll former and current manufacturing employees of Adient US LLC between October

6

16, 2017 and the present" (Doc. 14, at ¶34).[4] Defendant asserts this class definition is too broad, specifically arguing the Court should exclude all plaintiffs who work in non-Ohio facilities based upon the aforementioned case law. (Doc. 25, at 25-31). As explained, the Court agrees it does not have personal jurisdiction over Defendant for claims brought by these plaintiffs. Therefore, potential opt-in plaintiffs who work at Defendant's facilities outside of Ohio shall be excluded from the purported class.

Conditional Certification

A collective action under the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). Thus, Section 216(b) establishes two requirements for a representative action: "1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

Plaintiffs are similarly situated "when they suffer from a single, FLSA – violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds*, *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). As the Sixth Circuit set forth in *Comer*, courts use a two-stage inquiry to determine whether plaintiffs are similarly situated. First, during the "notice stage", at the beginning of discovery, a plaintiff must demonstrate her position is "similar, not identical, to the positions held by the putative class

---

4. Without explanation, Plaintiff later identifies and refers to this purported class as the "Ohio Class". (Doc. 14, at ¶¶35-40).

members." *Comer*, 454 F.3d at 546-47 (internal quotations and citations omitted). This requires "a modest factual showing . . . made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Id*. at 547 (internal quotations and citations omitted).

Following this initial inquiry into potential plaintiffs, discovery moves to the second stage which involves a closer examination into "whether particular members of the class are, in fact, similarly situated" for the purposes of final certification. *Id*.; *see also Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012) ("For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification . . . . [W]e recognize that the second stage warrants 'a stricter standard' than the conditional certification because it occurs near the end of discovery.") (quoting *Comer*, 454 F.3d at 547). This two-phased approach is efficient because the details gathered in the first stage provide the court "much more information on which to base its decision" when issuing a final certification in the second. *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). "[A]fter this [initial] discovery has concluded and the opt-in forms have been received, the court will make a final determination as to whether the alleged members of the class are, in fact, similarly situated and should be certified." *Mehmedi v. La Dolce Vita Bistro, LLC*, 2010 WL 4789579, at *1 (N.D. Ohio).

At the notice stage, conditional certification operates exactly as described – it is *conditional*, and the bar is set low by design. However, certification is not automatic. Factors which guide a court's conditional certification decision include: 1) whether potential plaintiffs have been identified; 2) whether affidavits from potential plaintiffs were submitted; and, 3) whether there is evidence of a "widespread discriminatory plan" affecting the plaintiffs. *Castillo v. Morales,*

8

*Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H&R Block Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

Here, the Court's jurisdictional ruling excludes purported class members who work outside Ohio; it now turns to the remaining purported plaintiffs who work within the State. Defendant notes it has two facilities in Ohio, the Northwood facility where Plaintiff Kelly Butler worked, and the Greenfield facility which manufactures automobile foam. (Doc. 25, at 28). Only three of Plaintiff's eleven declarations are from employees who work in Defendant's Northwood facility. (Doc. 20-3, at 2, 5, 8). Plaintiff does not submit *any* declarations from Greenfield employees. *See* Doc. 20-3. In each document, the declarant asserts Defendant required they work, unpaid, prior to their scheduled start and stop times. *Id*. Defendant argues only those employed in the Northwood facility could reasonably be considered "similarly situated" for purposes of conditional certification because the Greenfield facility manufactures different items and is therefore subject to different time keeping practices and the employees utilize different tools; employees also have different work conditions and overall job duties. (Doc. 25, at 22-24). Plaintiff argues Defendant's arguments here are merit-based and inappropriate during the conditional certification stage. *See generally* Doc. 26. She contends the language in her Amended Complaint, along with the submitted declarations, satisfies the minimal burden required to proceed with conditional certification. *Id*. at 2-4. The Court disagrees.

In her Amended Complaint (Doc. 14), Plaintiff identified a broad group of potential plaintiffs – *all* of Defendant's "manufacturing" employees, nationwide. The Court whittled that group down to Defendant's manufacturing employees who work in its Ohio facilities on the jurisdictional grounds set forth above. Defendant argues against including the Greenfield employees – the facility manufactures different goods than Northwood and its employees are thus

subject to different job duties and employment practices overall. This is certainly a merit-based argument and not a reason to deny *conditional* certification as to Greenfield facility employees.

However, merits aside, the Court finds Plaintiff falls far short of meeting even a "modest factual showing" that Defendant's Greenfield employees are similarly situated at the conditional certification stage. *Comer*, 454 F.3d at 547. First, there are no declarations from any Greenfield employee. *See* Doc. 20-3. Second, there is no evidence within the four corners of the submitted declarations from employees *outside* Greenfield, asserting any knowledge of Defendant's practices *inside* the Greenfield facility. Plaintiff submits declarations from Northwood employees, but these contain no indication any declarant had knowledge of Greenfield's operations, policies, employment practices, or job duties. *Id*. The Complaint offers no help – it contains *very* broad accusations of a scheme to deprive Plaintiff, and others similarly situated, of their due compensation. *See* Doc. 14. The Complaint lacks the details necessary to link Defendant's offending conduct to others outside Plaintiff's facility (Northwood). The Northwood declarations provide the link as to the Northwood employees, but not those working elsewhere. Conditional certification is not automatic and the Court finds Plaintiff has not met her burden to the Greenfield employees.

For these reasons, Plaintiff's Motion for Conditional Certification (Doc. 20), is GRANTED only as to those purported plaintiffs who work in Defendant's Northwood, Ohio facility. The Court therefore conditionally certifies a class of purported plaintiffs which shall be limited to manufacturing employees of Adient US, LLC who work in its Northwood, Ohio facility.

Notice
!

In her motion, Plaintiff seeks the identity, contact information (to include an address, telephone number, and email address), and pertinent employment dates of all current and former

hourly, non-exempt, manufacturing employees employed by Defendant at any time during the last three years. *See* Doc. 20-4 (proposed interrogatory). Plaintiff also offers a proposed notice to potential class members (Doc. 20-5), and a proposed text message linking potential members to the notice (Doc. 20-6). If the Court granted conditional certification, Defendant proposes the parties confer and submit an agreed upon class definition, proposed notice, and proposed notice procedure. (Doc. 25, at 32). Defendant's request is not unreasonable and is unopposed by Plaintiff. *See generally* Doc. 26 (reply). However, as the Court established the class definition herein, it is not up to the parties to confer and decide such. The Court will, however, order the parties to confer to discuss a proposed notice to class members, proposed interrogatory, and proposed notice procedure. The parties shall submit a stipulated notice, interrogatory, and notice procedure within fourteen days of this Order.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Conditional Certification (Doc. 20) be, and the same hereby is, GRANTED in part; and it is

FURTHER ORDERED that the parties confer and jointly file a proposed notice, proposed interrogatory, and proposed notice procedure within fourteen (14) days of this Order.

IT IS SO ORDERED.

                                                                    s/ *James R. Knepp II*
                                                             UNITED STATES DISTRICT JUDGE