## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio (the "District Court"), Western Division, Plaintiff Kelly Butler, individually and on behalf of all Plaintiffs, and Defendant Adient US LLC ("Defendant" or "Adient") agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Western Division entitled *Kelly Butler v. Adient US LLC,* Case No. 3:20-CV-02365.

2.      "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3.      "Representative Plaintiff" shall mean Kelly Butler.

4.      "Plaintiffs" shall include Representative Plaintiff and the 57 Opt-In Party Plaintiffs listed in Appendix 1.

5.      "Defendant" shall mean Adient US LLC and all of its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, related and affiliated entities, assignees, and heirs.

6.      "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7.      "Calculation Period" shall mean the period of time between October 16, 2017 and December 17, 2021.

8.      "Released Period" shall mean the period between October 16, 2017 and the date the Court enters a Final Order approving Settlement.

9.      "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

10.      On October 16, 2020, Plaintiff commenced this Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

11.      In the Action, Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked

over 40 each workweek.  Specifically, Plaintiffs allege that Defendant did not pay them for performing pre- and post-shift work, including: a) changing into and out of personal protective equipment; b) getting tools and equipment that were necessary to perform their manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work.

12.     Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA and OMFWSA, and that the Action is appropriate for collective and class treatment. Defendant denies these allegations.  The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA, whether Plaintiffs performed any work before or after the scheduled start and stop times, whether the two-year or three-year statute of limitations applies, and whether Defendant acted willfully.

13.     The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between August 2021 and January 2022.  On January 18, 2022, with the assistance of Magistrate Judge Darrell A. Clay, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14.     Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate, and reasonable and is in the best interests of Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and Defendant's defenses.  *See* Exhibit 2 to the Parties' Joint Motion for Settlement Approval.

15.     This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended to or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability to Plaintiffs on those claims.

## SETTLEMENT PAYMENTS

16.     **Total Settlement Amount:** Defendant will pay in connection with the Settlement a total settlement amount of One Hundred Thirty-Three Thousand Four Hundred Seventy-Eight Dollars and Seventy-Three Cents ($133,478.73) (the "Total Settlement Amount"), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees, costs and expenses.

17.     **Payments to Plaintiffs:** Seventy-Eight Thousand Eight Hundred Eighty-Three Dollars and Ninety-One Cents ($78,883.91) will be allocated to Plaintiffs for payment of overtime compensation in the amounts provided in Appendix 1 (collectively the "Individual Payments").

18.     **Calculation of Individual Payments:** The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses and Representative Plaintiff's Representative Payment from the Total Settlement Amount, have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiffs' alleged overtime damages during the Calculation Period.

19.     **Treatment of Plaintiffs' Settlement Payments:** One half of the Individual Payments to Plaintiffs will be treated as payment for wages and the other half as payment for liquidated damages.  Defendant will report to the IRS and issue to each Plaintiff an IRS Form W-2 for all amounts paid as wages under this Settlement, and will issue an IRS Form 1099-Misc., in Box 3, to each Plaintiff for the amount paid as liquidated damages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes as required by law. Plaintiffs agree to pay all taxes, if any, which may be deemed owing on any 1099 payments under this Settlement.  Plaintiffs and Plaintiffs' Counsel are responsible for their respective taxes. Under no circumstances shall Defendant be liable should any of Plaintiffs or Plaintiffs' Counsel fail to pay his/her/its portion of any taxes due on the amounts payable.

20.     **Class Representative Payment:**  One Thousand Dollars ($1,000.00) will be paid to Representative Plaintiff Kelly Butler, in addition to her Individual Payment, as a Representative Payment for her service in this litigation (the "Representative Payment"). Defendant will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to her Class Representative Payment.  Representative Plaintiff will be responsible for all taxes owed with respect to her Representative Payment.

21.     **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Fifty-Three Thousand Five Hundred Ninety-Four Dollars and Eighty-Two Cents will be paid to Plaintiffs' Counsel for attorneys' fees and expenses ($50,000.00 in fees and $3,594.82 in expenses) incurred in the Action.  Defendant will issue to The Lazzaro Law Firm, LLC a Form 1099-Misc. with respect to the attorneys' fees and expenses for this amount.

## RELEASE OF CLAIMS AND CONFIDENTIALITY

22.     **Released Claims by all Plaintiffs:** Plaintiffs release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA") and corresponding state wage and hour statutes as alleged in the Complaint and Amended Complaint for the Released Period.

23.     **Released Claims by Representative Plaintiff Kelly Butler:**  Representative Plaintiff Kelly Butler releases and forever discharges Defendant  from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages),

attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that she may have against Defendant arising out any fact, condition, circumstance, or occurrence whatsoever, during the Released Period,  whether known or unknown, suspected or concealed, presently asserted or otherwise.  This Settlement does not affect, release, or otherwise waive those rights which cannot be released as a matter of law, including any worker's compensation claims. Nothing in this Settlement waives Representative Plaintiff's right to receive a whistleblower award from the U.S. Securities and Exchange Commission under Section 21F of the Securities Exchange Act of 1934, as amended.

24.     **Release of Attorneys' Fees and Expenses:** The payment by Defendant of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Settlement by Defendant or a need to file a motion or other documents to enforce the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Settlement by Defendant.

25.     The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

26.     **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

27.     **Fair, Adequate, and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the District Court.

28.     **Unopposed Motion for Approval of Settlement:** Plaintiff will move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Unopposed Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

29.     **Dismissal with Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

30.     **Distribution Process:** Within thirty (30) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, Defendant will mail the Individual Payments to Plaintiffs, the Representative Payment to Representative Plaintiff, and the attorneys' fees and expenses to Plaintiffs' Counsel. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel.  Plaintiffs' Counsel will provide to Defendant the most recent addresses of Plaintiffs for purposes of mailing the checks.  If any

checks are returned as undeliverable, Defendant will mail the checks to Plaintiffs' counsel who will make reasonable efforts to locate those Plaintiffs and redeliver the checks.  Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request from Plaintiffs' Counsel and without charge to such Plaintiff.

## PARTIES' AUTHORITY

31.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

32.     The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

33.     The Parties represent, covenant and warrant that they have not, directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## NO ADMISSION

34.     Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant, and Defendant denies any such liability.

## NO ADMISSION OF CLASS LIABILITY

35.     The Parties agree that this Settlement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees or temporary workers exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

36.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not

be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

37.    If any part of this Settlement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Settlement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Settlement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent permitted under the applicable law.

## MODIFICATION

38.    This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

39.    This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

40.    This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

41.    This Settlement may be executed in counterparts and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

42.    If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to remedy the alleged breach.

## JURISDICTION

43.     The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## GOVERNING LAW

44.     This Settlement shall be interpreted in accordance with Ohio law.

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

45.     Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf of the other Plaintiffs.  It is agreed that it is burdensome to have all Plaintiffs execute this Settlement.  Furthermore, the Notice previously advised Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each Plaintiff designated Representative Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with Defendant.  This Settlement shall have the same force and effect as if each Plaintiff executed this Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____          KELLY BUTLER

                                    _____
                                    Representative Plaintiff, Individually
                                    and on Behalf of all Plaintiffs


Dated: _____          ADIENT US LLC

                                    By: _____

                                    Its: _____


Dated: _____          CHASTITY L. CHRISTY
                                    THE LAZZARO LAW FIRM, LLC


                                    By: _____
                                    Attorney for Plaintiffs

Dated: _____

RANDALL THOMPSON
HUSCH BLACKWELL LLP


By: _____
Attorney for Defendant

*Butler v. Adient US LLC*

**Appendix 1**

| Last Name | First Name | Individual Payments |
|-----------|-----------|---------------------|
| Askew | Juanita | $139.07 |
| Bagner | Lazetta | $137.10 |
| Benavides | Deanna | $194.35 |
| Berry | Darrell | $106.41 |
| Boris | Jamie | $1,807.90 |
| Butler | Kelly | $489.51 |
| Cain | Kevin | $2,051.67 |
| Cardell | Miracle | $967.19 |
| Castillo | Lisa | $2,854.28 |
| Champada | Pasook | $2,053.37 |
| Courtney | Somer | $255.36 |
| Davenport | Tanya | $1,588.95 |
| Dunbar | Antonio | $748.68 |
| Eastridge | Jason | $156.25 |
| Edwards Jr. | Mark | $1,351.07 |
| Fair | Eddie | $2,015.70 |
| Foster | Karen | $1,579.60 |
| France | Brandon | $1,754.66 |
| Gonzalez | Angel | $1,961.15 |
| Harris | Michael | $733.71 |
| Hernandez | Selena Marie | $438.01 |
| Hernandez | Nixi | $503.70 |
| Hodges | Michael | $2,856.65 |
| Jones | James E. | $1,919.79 |
| King | Juliet | $523.08 |
| Larkin | Kenneth | $196.47 |
| Latimer | Christopher | $1,892.64 |
| Mattingly | Thomas | $2,094.73 |
| Mattingly | Thomas Jason | $1,487.88 |
| Meyer | Terry L. | $2,808.37 |
| Moore | Mickey | $2,435.65 |
| Mosley | Jarrod | $1,757.03 |
| Nejvara | Thomas | $1,957.91 |
| Okanlawon | Babatunde | $1,222.49 |
| Person | Toshiba | $253.51 |
| Pickett | Joshua M. | $1,824.78 |
| Pickett | Taylor | $115.87 |
| Preston | Willie | $2,060.66 |
| Ramirez | Alejandro | $2,856.65 |
| Ramirez | Andrew M. | $2,842.46 |
| Roger | Joshua Steven | $2,856.65 |
| Sandrock | Michael | $2,595.79 |

*Butler v. Adient US LLC*

**Appendix 1**

| Last Name | First Name | Individual Payments |
|-----------|-----------|--------------------:|
| Santus | Beau | $779.13 |
| Savage | Timmerly | $1,120.90 |
| Shoemaker | Tevin | $106.41 |
| Skipper | Jesse | $2,840.09 |
| Stacy | Jacob | $2,383.66 |
| Strong | Gary L. | $1,695.00 |
| Suto | Daniel | $653.86 |
| Walker | Nancy | $158.44 |
| Whitt | Taylor | $104.66 |
| Wiggins | Angela | $1,821.46 |
| Williams | LaKesha N. | $170.12 |
| Williams | Lisa | $2,368.98 |
| Willis | Deborah | $2,018.15 |
| Woodbury | Alexzandreya | $139.07 |
| Woods | Mychelle | $158.25 |
| Young | Stanley | $1,918.98 |