UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KELLY BUTLER, on behalf of herself and all others similarly situated, | ) CASE NO. 3:20-cv-02365 ) ) |
| Plaintiff, | ) MAGISTRATE JUDGE DARRELL A. CLAY ) |
| vs. | ) ) |
| ADIENT US LLC, | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** ) |
| Defendant. | ) |

THIS CAUSE having come before the Court on Plaintiffs' Unopposed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On October 16, 2020, Representative Plaintiff Kelly Butler filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant unlawfully failed to pay its hourly, non-exempt employees, including Plaintiff, for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each covered workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (Doc. No. 1.) Specifically, Plaintiffs alleged that Defendant did not pay them for performing pre- and post-shift work, including: a) changing into and out of personal protective equipment; b) getting tools and equipment that were necessary to

perform their manufacturing work; c) walking to their assigned area of the manufacturing floor; and/or d) performing their manufacturing work. (*Id.*)

2. On December 15, 2020, Defendant filed a Motion to Dismiss or Alternatively for Summary Judgment (Doc. 8), which Plaintiff opposed on January 15, 2021 (Doc. 9). Defendant argued that because of the existence of a collective bargaining agreement ("CBA") the time spent donning and doffing PPE and walking to and from Plaintiff and the putative plaintiffs' assigned work areas was not compensable. On February 10, 2021, the Court ruled that the claims relating to donning and doffing of PPE were not compensable due to the CBA, but that Plaintiff had pled facts sufficient to show that relief could be granted on the remainder of Plaintiff's alleged pre- and post-shift work. (Doc. 13.)

3. Defendant answered the Amended Complaint and denied any wrongdoing of any kind or violations of any laws. (Doc. 15.)

4. On April 15, 2021, Plaintiff filed her Motion for Conditional Certification, Expideted Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs, which sought a nationwide class of over 10,000 hourly, non-exempt manufacturing employees. (Doc. 20.) Defendant filed its Opposition Brief on May 17, 2021 (Doc. 25), and Plaintiff filed her Reply Brief on May 24, 2021 (Doc. 26). On July 8, 2021 the Court denied Plaintiff's request for a nationwide class action but the Court granted Plaintiff's Motion in part by conditionally certifying a single location of Defendant with a putative class of less than 700 employees. (Doc. 27.)

5. The Notice to Potential Class Members was issued on August 23, 2021, and the Opt-In Period closed on October 7, 2021.

6. The Parties stipulate to this Court that they engaged in substantial investigation

and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

7. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiffs' alleged overtime damages.

8. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

9. Between August 20, 2021 and January 2022, the Parties engaged in extensive legal discussion and correspondence, which included numerous and lengthy discussions and written communications.

10. Between December 29, 2021 and January 18, 2022, the Parties engaged in extensive settlement negotiations. On January 11, 2022, the Parties attended a mediation with this Court. While the matter did not resolve the day of mediation, this Court continued to assist the Parties in settlement discussions, and on January 18, 2022 the Parties reached an agreement to settle the Action on the terms set forth in the Settlement and Release attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

11. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

12. Furthermore, there is a *bona fide* dispute over whether the two-year or three-year statute of limitations under the FLSA applies and whether Plaintiffs would be entitled to

liquidated damages, as Defendant claims it did not act willfully and that it has a good faith defense.

13. In an effort to reach a compromise and to avoid the expense and burden of continued litigation, the Parties reached an agreement to settle the Action on January 18, 2022 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to Plaintiff's Unopposed Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice.

14. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a *bona fide* dispute over the provisions of the FLSA and OMFWSA.

15. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

16. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement.  All pending deadlines are stricken as moot.  The Court shall retain jurisdiction to enforce the Parties' Settlement.

SO ORDERED this __3rd__ day of ____March_____, 2022.

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE